# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 30, 2019

```
* * * * * * * * * * * * * * * * * * * * * * * *
LINDA MCDONALD,                    *        No. 17-706V
                                   *
              Petitioner,          *        Special Master Sanders
v.                                 *
                                   *
SECRETARY OF HEALTH                *        Stipulation for Award; Influenza ("flu")
AND HUMAN SERVICES,                *        Vaccine; Guillian Barré Syndrome ("GBS")
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Carol C. Gallagher, Carol C. Gallagher, Somers Point, NJ, for Petitioner.
Lynn C. Schlie, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 30, 2017, Linda McDonald ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that the influenza ("flu") vaccine she received on October 25, 2014 caused her to develop Guillian Barré Syndrome ("GBS").  Stip. at 1, ECF No. 40.  Petitioner further alleged that she experienced the residual effects of her injury for more than six months.  *Id.*

On August 28, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner.  *Id.* at 2.  Respondent denies that the flu vaccine caused Petitioner's alleged GBS, or any other injury.  *Id.* at 1–2.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $393,918.50, which amount represents compensation for first year life care expenses ($18,918.50), and combined lost earnings, pain and suffering, and past unreimbursable expenses ($375,000.00) in**

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the Internet.**  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

**the form of a check payable to petitioner; and . . . [a]n amount sufficient to purchase the annuity contract described in paragraph 10 [of the Stipulation], paid to the life insurance company from which the annuity will be purchased . . . .**

*Id.*

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

LINDA McDONALD )
)
            Petitioner, )
    v. )
)                No. 17-706V
SECRETARY OF HEALTH )                Special Master Sanders
AND HUMAN SERVICES )
)
            Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Linda McDonald, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Petitioner received her flu vaccination on October 25, 2014.

3.  The vaccination was administered within the United States.

4.  Petitioner alleges that she suffered from Guillian Barre Syndrome (GBS) as a result of receiving the flu vaccine, and that she experienced the residual effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any

other injury or her current condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.  A lump sum of $393,918.50, which amount represents compensation for first year life care expenses ($18,918.50), and combined lost earnings, pain and suffering,  and past unreimbursable expenses ($375,000.00) in the form of a check payable to petitioner; and

    b.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Linda McDonald, pursuant to

2

which the Life Insurance Company will agree to make payments periodically to petitioner as

follows for all other damages that would be available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable Neurologist and Podiatrist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $802.53 to be paid for the remainder of petitioner's life, increasing at the rate of four and four hundredths percent (4.04%), compounded annually from the date of judgment.

b. For future unreimbursable Primary Care Physician expenses, beginning on the first anniversary of the date of judgment, an annual amount of $578.87 to be paid for the remainder of petitioner's life, increasing at the rate of four and four hundredths percent (4.04%), compounded annually from the date of judgment.

c. For future unreimbursable Remedial Therapies and Herbal Supplement expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,900.34 to be paid up to the anniversary of the date of judgment in year 2028. Thereafter, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $1,169.44 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Naturopath expenses, on the first anniversary of the date of judgment, a lump sum of $467.78.  Then, on the anniversary of the date of judgment in year 2023, a lump sum of $467.78, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Scooter expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $1,531.96.  Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $306.39 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Scooter Battery, Scooter Maintenance, and Scooter Lift expenses, beginning on the first anniversary of the date of judgment, an annual amount of $390.67 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Foot Spa, Cane, Walker, Grab Bar, Shower Chair, Raised Toilet Seat, ADL, and Lift Chair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $176.07 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Caregiver expenses, beginning on the first anniversary of the date of judgment, an annual amount of $10,451.87 to be paid up to the anniversary of

the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $20,903.74 to be paid up to the anniversary of the date of judgment in year 2033. Thereafter, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $29,265.24 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Linda McDonald, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Linda McDonald's death.

11.     Proof of Living Language Required by Life Insurance Company. Petitioner, Linda McDonald agrees to submit to Metropolitan Tower Life Insurance Company's Administrative office an affidavit annually, or on demand by Metropolitan Tower Life Insurance Company, testifying to the fact that she, Linda McDonald, is living. If documentation is not received within sixty days, Metropolitan Tower Life Insurance Company reserves the right to suspend payment until proof that Linda McDonald is still living has been delivered. This affidavit should be notarized and mailed along with a copy of government issued identification to:

> MetLife Structured Settlements
> PO Box 14403
> Lexington, KY 40512-4403, USA.

12.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

4

judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

13.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14.  Petitioner agrees to accept and maintain responsibility for any and all tax consequences in Australia that may arise as a result of any action or payment contemplated by this Stipulation.

15.  Petitioner agrees to accept and maintain responsibility for obtaining and/or maintaining a means of depositing a check issued in U.S. dollars.  Petitioner agrees to accept and maintain responsibility for negotiating and depositing such payments, as well as paying any costs and/or fees associated with doing so.

16.  Petitioner agrees to accept and maintain responsibility for any unanticipated or uncontemplated fees, costs, or other consequential expenses relating to this Stipulation, including, but not limited to, those specifically arising out of her foreign residency and citizenship.

5

17. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

18. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

19. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

20. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 25, 2014, as

alleged by petitioner in a petition for vaccine compensation filed on or about May 30, 2017, in the United States Court of Federal Claims as petition No. 17-706V.

21. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

22. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

23. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

24. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

25. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or her current condition.

7

26.   This Stipulation shall be governed by and construed in accordance with the laws of the United States of America, without regard to principles of conflicts of laws thereof, or of any other jurisdiction.   Any action brought by either party against the other concerning any provision of this Stipulation, or action contemplated by this Stipulation shall be brought only in a United States federal district court.   The parties to this Stipulation hereby waive any assertion of jurisdiction and venue of any action outside of the United States of America.   Nothing in this stipulation is a waiver of any of the privileges and immunities available to the United States of America.

27.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_L. McDonald_
LINDA MCDONALD

**ATTORNEY OF RECORD FOR
PETITIONER:**

_Carol L. Gallagher_
CAROL L. GALLAGHER, ESQ.
Cornerstone Commerce Center
1201 New Road, Suite 133
Linwood, NJ 08221
Tel: (609) 837-6262

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_Catharine E. Reeves_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_Ward Sorensen for_
TAMARA OVERBY, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_Lynn Schlie_
LYNN C. SCHLIE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3776

Dated: _8/08/2019_

9