# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 18, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LINDA MCDONALD, | * | No. 17-706V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Carol L. Gallagher, Somers Point, NJ, for Petitioner;
Lynn C. Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On May 30, 2017, Linda McDonald ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that she developed Guillain-Barré syndrome as a result of the influenza vaccination she received on October 25, 2014. *See* Pet. at 2-3, ECF No. 1. On August 28, 2019, the parties filed a stipulation for award, which the undersigned adopted as her decision awarding compensation on August 30, 2019. ECF No. 41.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 10, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 47 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $77,605.42, representing $63,226.95 in attorneys' fees and $14,378.47 in attorneys' costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred out of pocket costs of $281.00. *Id.* Respondent responded to the motion on March 23, 2020, noting that Petitioner's fees motion was untimely by eight days, but otherwise stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 41. Petitioner filed a motion for leave to file out of time on July 28, 2020. ECF No. 50.

This matter is now ripe for consideration.

**I.    Untimeliness**

Vaccine Rule 13(a) provides that "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa–15(e) must be filed no later than 180 days after the entry of judgment ...." Vaccine Rule 13(a). Concurrent with their broad discretion to determine the reasonableness of a request for attorneys' fees, special masters retain the discretion to consider untimely motions for attorneys' fees and costs. *See Verity v. Sec'y of Health & Human Servs.*, No. 11–106V, 2017 WL 1709709, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2017). "[I]t is not uncommon in the [P]rogram for special masters to overlook the untimeliness of fee[ ] requests filed not long after the deadline to act." *Id.* (citing *Turner v. Sec'y of Health & Human Servs.*, No. 99–544V, 2007 WL 4410030, at *13 (Nov. 30, 2007) (awarding fees to a request one month untimely); *Carrington v. Sec'y of Health & Human Servs.*, No 99–495V, 2008 WL 2683632, at *13 (June 18, 2008) (granting a three-week extension of time to submit a motion for fees) ); *see also, e.g.*, *Setness v. Sec'y of Health & Human Servs.*, No. 13–996V, 2017 WL 1713101, at *1 n.3 (Fed. Cl. Spec. Mstr. Mar. 10, 2017) (granting a motion for fees filed two months after the deadline). This leniency, however, is under the special master's discretion, and is not always exercised in a tardy counsel's favor. *See, e.g.*, *Verity*, 2017 WL 1709709 at *2 (denying a fee request more than two years untimely).

Parties may seek an extension of a deadline after it has passed "if the party failed to act because of excusable neglect." RCFC 6(b)(1)(B). Excusable neglect is determined by four factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (cited in *Verity*, 2017 WL 1709709 at *1).

In this case, Petitioner's motion for attorneys' fees and costs was untimely by only eight days. Although Petitioner offers no rationale as to why her motion was late other than briefly stating that "Petitioner did not realize that the 180 day deadline for timely filing had expired eight days prior", the undersigned finds that the short length of the delay has had no impact on judicial proceedings and poses no danger of prejudice to Respondent. The undersigned will therefore GRANT Petitioner's motion for leave to file out of time and now consider her pending motion for attorneys' fees and costs.

## II. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following rates for her counsel, Ms. Carol Gallagher: $350.00 per hour for work performed in 2016, $363.00 per hour for work performed in 2017, $400.00 per hour for work performed in 2018 and 2019, and $424.00 per hour for work performed in 2020. These rates are consistent with what Ms. Gallagher has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable for the work in this case.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds a percentage reduction necessary for time spent performing paralegal tasks, including drafting correspondence to medical providers and responding to inquiries from those providers and for a large amount of correspondence with petitioner. This issue is not new to Ms. Gallagher's billing records. *See, e.g.*, *Cetlin-Salter v. Sec'y of Health & Human Servs.*, No. 16-792V, 2019 WL 4880164, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019); *Rocha v. Sec'y of Health & Human Servs.*, No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); *De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338 (Fed. Cl. 2018). Based on the hours billed for these tasks, the undersigned finds that a five percent overall reduction to the award of attorney's fees is appropriate to offset the requested amount with what a reasonable amount would be had Ms. Gallagher billed these tasks at a reasonable paralegal rate. This yields a reduction of $3,161.34. Petitioner is therefore awarded final attorneys' fees of $60,065.61.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,378.47 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's life care planner and economic expert. Petitioner has provided adequate documentation of all these expenses and they appear to be reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred $281.00 in costs for notary services. Petitioner has properly supported these costs and they shall be fully reimbursed.

### II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $63,226.95 |
| (Reduction to Fees) | - ($3,161.34) |
| **Total Attorneys' Fees Awarded** | **$60,065.61** |
| | |

| Attorneys' Costs Requested | $14,378.47 |
|---|---|
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$14,378.47** |
| | |
| **Total Attorneys' Fees and Costs** | **$74,444.08** |
| | |
| **Petitioner's Costs** | **$281.00** |
| | |
| **Total Amount Awarded** | **$74,725.08** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $74,444.08, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Carol Gallagher; and**

2) **a lump sum in the amount of $281.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

   **IT IS SO ORDERED**.

            s/Herbrina D. Sanders
            Herbrina D. Sanders
            Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.